COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

FILED
2012 APR 26 P 12:28

SUPERIOR COURT
Civil Action No.

|  |  |
|---|---|
| IRENE Y. FRASER | ) |
| AND | ) |
| MICHAEL FRASER | ) |
| Plaintiffs | ) |
| Vs. | ) |
| OCWEN LOAN SERVICING, LLC | ) |
| AND | ) |
| WELLS FARGO BANK, N.A. | ) |
| AND | ) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | ) |
| Defendant | ) |

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

The plaintiffs, Irene Y. Fraser and Michael Fraser ("the Plaintiffs" or "Fraser"), pursuant to Massachusetts Rule of Civil Procedure 65, hereby request that this Court issue a temporary restraining order (or, after due notice, a preliminary injunction) against the defendants, Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Bank, N.A., as Trustee under Pooling and Servicing Agreement Dates as of April 1, 2005 Asset-Backed Pass-Through Certificate Series 2005-WHQ2, and Mortgage Electronic Registration Systems, Inc. ("MERS") (and or any of their agents, servants, employees, attorneys, independent contractors, auctioneers, or any person acting on their behalf) (referred to collectively as the Defendants) from conducting a mortgage foreclosure auction seeking to terminate the plaintiff's right, title, and interest in their property

2

known and identified as 3 Braemore Road in Natick, Middlesex County, Massachusetts 01760 ("the Property").

In support thereof, the Plaintiffs hereby state:

(1) The plaintiffs are facing foreclosure of the Property on **April 10, 2012 at 1:00 PM.**

(2) Notice of this foreclosure was not received by the Plaintiffs or the Plaintiffs former attorney Brian R. Goodwin, Esq. ("Goodwin"), until April 5, 2012. See Exhibit A; see also Exhibit B (Affidavit of Attorney Brian R. Goodwin, ¶ 8) ("Goodwin Affidavit"); see also Exhibit C (Affidavit of Irene Y. Fraser and Michael Fraser, ¶ 4) ("Fraser Affidavit").

(3) Up to and including the morning of April 6, 2012, Goodwin had been in contact on numerous occasions with Ocwen wherein he was consistently informed *there was no pending sale date* regarding the Plaintiffs' property. Goodwin Affidavit, ¶s 2, 3, and 6. See also Fraser Affidavit, ¶ 4.

(4) As mentioned, this included contacting Ocwen on April 6, 2012 upon receiving the notice of the foreclosure, wherein I was specifically told that, "according to their records," there was no pending sale date, despite mentioning receipt of the letter from their counsel of record, Doonan, Graves & Longoria, LLC. Goodwin Affidavit, ¶ 2

(5) After filing for a HAMP Loan Modification with Ocwen, the Plaintiffs were invited by Ocwen to file a separate application, with different documents, for an Ocwen In-House loan modification. See Goodwin Affidavit, ¶ 1.

(6) On or about March 27, 2012, Goodwin was informed by Ocwen that the Frasers had been approved for an Ocwen in-house loan modification. See Goodwin Affidavit, ¶ 3. See also Fraser Affidavit, ¶ 4.

(7) On the next scheduled telephone call with Ocwen, which was previously stated to Goodwin as a "formality" and "to go over the terms", Goodwin Affidavit, ¶ 4, Goodwin was rather informed by another agent, not the Fraser's allegedly assigned case manager, that the Frasers were denied any modification. Goodwin Affidavit, ¶ 5.

(8) Furthermore, Goodwin was then informed the Frasers' assigned case manager would not be available for communication until eight days later – April 12, 2012 – *two days after the newly scheduled foreclosure date*. Goodwin Affidavit, ¶ 7.

(9) Because of this short notice, Plaintiffs have only recently been able to hire litigation counsel to request this temporary restraining order and, after due notice, a preliminary injunction. See Fraser Affidavit, ¶ 5.

3

(10) Because of this short notice, Plaintiffs only recently being able to hire litigation counsel, and the limited time including a holiday, Plaintiffs' have had no time to analyze all potential issues and completely draft a Verified Complaint, but will be doing so immediately, pending grating of this motion. See Fraser Affidavit, ¶ 5.

(11) Included in this complaint will be verified facts regarding the previous granting of a mortgage modification to the Plaintiffs, wherein Plaintiffs were induced to pay over $25,000.00 (TWENTY FIVE THOUSAND DOLLARS and 00 CENTS). See Fraser Affidavit, ¶ 1.

(12) After paying said monies, however, Plaintiffs were denied any modification of their mortgage. See Fraser Affidavit, ¶ 2.

(13) Plaintiffs further state said complaint will likely contain counts under the Consumer Protection Act, G.L. c. 93A, §§ 2 & 9 and the attorney general's regulations at 940 CMR 3.05 & 3.16, in addition to the court's power, "acting under general principles of equity jurisprudence has broad power to reform, rescind, or cancel written instruments, including mortgages, on grounds such as fraud, mistake, accident, or illegality." Beaton v. Land Court, 367 Mass. 385, 392, 326 N.E.2d 302, 308 (1975). appeal dismissed, 423 U.S. 806, 96 S.Ct. 16, 46 L.Ed.2d 27 (1975).

(14) Plaintiffs further state in support of this motion, there is a substantial likelihood that they will prevail on the merits of this action.

(15) If such injunctive relief is not granted, then the plaintiff will suffer irreparable harm by the loss of the right, title, and interest in their property known and identified as 3 Braemore Road in Natick, Middlesex County, Massachusetts 01760. See, Greenfield Country Estates Tenants Assoc., Inc. v. Deep, 423 Mass. 81, 666 N.E.2d 988 (1996) (Granting specific performance, the SJC held that "It is well-settled law in this Commonwealth that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land."). See also Fraser Affidavit, ¶ 6.

(16) The impending irreparable injury to the plaintiff far outweighs whatever damage the proposed injunctive relief would impose on the Defendants, as the plaintiff seeks only to maintain the status quo and continue to pay a modified mortgage loan amount, pending a resolution of this action.

(17) The injunctive relief would not be adverse to the public interest. To the contrary, it would further the public policy of keeping homeowners in their homes.

(18) "One moving for a preliminary injunction assumes the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 n. 12, 405 N.E.2d 106, 112 n. 5 (1980) citing Charlie's Girls, Inc. v. Revlon, Inc., 483 F.2d

Respectfully submitted,
IRENE Y. FRASER and
MICHAEL D. FRASER
By Their Attorneys,

David P. Flanagan
Michelle M. Burum
BBO# 671027
Flanagan and Associates, LLC
1495 Hancock Street
Quincy, MA 02169

## CERTIFICATE OF SERVICE

I, DAVID FLANAGAN, Esq., the attorney for the Plaintiffs, Irene Y. Fraser and Michael D. Fraser, hereby certify that on April 19, 2012 I served the foregoing Plaintiffs' Emergency Motion for Temporary Restraining Order or Preliminary Injunction by causing a true copy thereof to be delivered to:

Nationstar Servicing, LLC
1600 Washington Road, Ste. 100
Westminster, MD 21409

Nationstar Servicing, LLC
c/o Prentice Hall Service Company
84 State Street
Boston, MA 02109

Harmon Law Offices, LLC
150 California Street, Ste. 225D
Newton, MA 02458

Deutsche Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2005 Asset Backed Pass-Through Certificate Series 2005-WHQ2
[address illegible]

Deutsche Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2005 Asset Backed Pass-Through Certificate Series 2005-WHQ2
[address illegible]

DAVID FLANAGAN